UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACOB FREEMAN | CIVIL ACTION |
| VERSUS | NO. 07-645 |
| TODCO AND FRANK'S CASING CREW & RENTAL TOOLS, INC. | SECTION B(1) |

ORDER AND REASONS

Before the Court is Defendant/Cross Defendant Frank's Casing Crew & Rental Tools, Inc.'s Motion for Summary Judgment. (Rec. Doc. No. 74). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

*BACKGROUND*

Plaintiff was employed by Defendant Offshore Drilling Company ["TODCO"] as a roustabout aboard Rig 57, an inland drill barge owned by TODCO. Erskine Energy, LLC. ["Erskine"] also contracted with TODCO for the latter to provide an inland drill barge and crew to perform drilling services. Erskine, in turn, contracted with Defendant/Cross Defendant Frank's Casing Crew & Rental Tools, Inc. ["Frank's Casing"] to run casing in connection with TODCO's services.

1

At the time of the accident, Plaintiff was assisting in the moving of casing elevators via the rig floor's air hoist.  The air hoist was operated by driller Monty Thornton.  The elevator was cradled in a sling which was held on one side by Plaintiff and on the other side by Eric Samples.  Plaintiff contends that he and Samples notified Thornton that they were ready and that Thornton then verified that no individuals were in the path of the elevator.  Thornton then allegedly alerted everyone on the rig floor that he was coming up with the load and proceeded to lift the load.  Plaintiff contends that as Thornton lifted the load, Plaintiff, along with Samples and Thornton, observed an unidentified Frank's Casing employee move in front of the path of the casing area.  To prevent the casing elevator from crushing the employee, Thornton allegedly released the load causing it to fall on the Plaintiff's left foot and crushing his big toe.

Plaintiff brought suit against TODCO and Frank's Casing.  TODCO then filed a cross-claim against Frank's Casing seeking indemnity/contribution for maintenance and cure expenses paid to Plaintiff.  Plaintiff later settled with Defendant TODCO.  The parties, however, reserved their rights to proceed against Frank's Casing.  Frank's Casing has now filed this Motion for Summary Judgment.

Defendant contends first that Frank's Casing is a third party and, as such, it did not have a legal duty either to TODCO or Plaintiff to protect Plaintiff from harm.  If it did have such a

duty, Defendant argues that it did not breach this duty because the unknown Frank's Casing employee acted reasonably under the circumstances. Defendant also contends that it was Plaintiff's conduct of failing to follow the proper procedure in moving the equipment that was the legal cause of Plaintiff's injuries.

Plaintiff contends that a Jones Act seaman may sue a third-party for negligence under the general maritime law. Plaintiff argues that the deposition testimony of the witnesses as well as several safety-related documents used by Frank's Casing support its contention that Defendant breached its duty to Plaintiff. Finally, Plaintiff contends that it was the Frank's Casing employee's conduct of moving in front of the path of the casing area rather than Plaintiff's conduct that caused Plaintiff's injuries.

### *DISCUSSION*

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate

that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.   Duty on the Part of Frank's Casing**

Defendant argues first that while a seaman may bring a negligence cause of action against his employer, he does not necessarily have the right to bring a negligence claim against an alleged third-party tortfeasor such as Frank's Casing. Thus, Frank's Casing did not have a duty either to TODCO or Plaintiff to protect Plaintiff from harm. As Plaintiff points out, however, a Jones Act seaman may sue a third-party for negligence under the general maritime law. *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1013 (5th Cir. 1994); *Becker v. Tidewater*, 335 F.3d 376, 387 (5th Cir. 2003). The proper standard of care in such a negligence action is one of ordinary care under the circumstances. *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980). Specifically, the scope of Defendant's duty is determined by the forseeability of the harm suffered in the particular case. *Consol. Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65, 67 (5th Cir. 1987).

Defendant next argues that if it did in fact owe Plaintiff a

duty of care, it did not breach this duty.  In order to support this contention, Defendant points to Plaintiff's deposition testimony in which Plaintiff states that he did not hear Thornton give a warning before lifting the casing elevator.  Additionally, Defendant argues that although Thornton stated that he did give a warning, the warning was not made in sufficient time before the lift was made for the Frank's Casing employee to take proper precautions.  Finally, Defendant argues that the Frank's Casing employee acted reasonably in the circumstances and that there was nothing he could have done to prevent the harm to the Plaintiff.

In response, Plaintiff has submitted deposition testimony as well as several safety-related documents to support its contention that Defendant breached its duty to Plaintiff.  The testimony of Eric Samples states that prior to the accident, the drill crew conducted a meeting with the Frank's Casing crew during which they discussed safety procedure during the moving of equipment.  Samples states that at that meeting, everyone was warned to clear the floor when equipment was being moved.  Samples also states that Thornton announced his intention to move the elevator before actually doing so and that individuals heard and reacted to this warning.

In addition to this testimony, Plaintiff has submitted several documents which appear to be safety guides used by Frank's Casing. The Job Safety Analysis Worksheet which is attached to the Health, Safety, and Environmental Policy explains the dangers and safety procedures regarding the use of the air hoist.  A second document

5

entitled "Frank's 'Dirty Dozen' list of Top Threats" lists twelve workplace-related dangers including "Dropped Objects." The purpose of the document is to give sufficient warning of these threats which "if not properly controlled, [have] a great chance of incurring...fatalities, injury(s), significant property damage and/or a significant negative impact on [the] company's reputation."

The Court finds that given the evidence presented by the parties described above, there are issues of fact regarding whether Defendant breached its duty to Plaintiff. Specifically, the trier of fact must determine whether Frank's Casing followed the safety procedures in place regarding the moving of equipment and whether sufficient warning, if any, was given before the lift took place. Thus, the Court cannot determine at this time whether Defendant breached its duty to Plaintiff.

**C.   Causation**

Defendant next contends that Plaintiff has failed to establish that Defendant's conduct caused his injuries. Under the general maritime law, a party's negligence is actionable only if it is the "legal cause" of the plaintiff's injuries. *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). To establish legal causation, the Plaintiff must establish more than "but for causation." *Id*. The Plaintiff must prove that the Defendant's negligence was a substantial factor in the injury. *Id*.

Defendant claims that the Plaintiff's own conduct was the

cause of his injuries. Specifically, Defendant argues that Plaintiff failed to follow the proper procedure for moving the equipment. Rather than skipping the load on the floor without touching it, Plaintiff kept his hands on the sling and attempted to "hold back" the 3,500 pound casing elevator.

The issue of causation is generally a question of fact to be determined at trial. *Gavagan v. United States,* 955 F.2d 1016, 1019 (5th Cir. 1992). The Court should only decide the issue of causation on summary judgment if the allegation "is so frivolous and obviously impossible so as to fall short of presenting a genuine issue of fact." *Tidewater Marine, Inc. v. Sanco Int'l, Inc.*, 1997 WL 543108, *5 (E.D. La. 1997)(quoting *Del Valle v. Marine Transp. Lines, Inc*. 582 F. Supp. 573, 578 (D. P.R. 1984). In the present case, despite Defendant's contentions, the Court finds that Plaintiff has submitted sufficient evidence to create an issue of fact regarding causation. While Plaintiff's conduct may have contributed to his injuries, the fact remains that the testimony of the individuals involved indicates that the elevator was lowered to prevent it from striking the Frank's Casing employee. Whether the employee's conduct of moving in front of the path of the casing area caused Plaintiff's injuries is a question of fact.

In sum, the Court finds that there remain genuine issues of fact regarding Defendant's breach of its duty to Plaintiff as well as the legal cause of Plaintiff's injuries. Thus, summary judgment

is not proper at this time.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana this 20th day of June, 2008.

                                                                             /s/ Ivan L.R. Lemelle
                                                        UNITED STATES DISTRICT JUDGE